UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS B. CASTANEDA,<br><br>          Plaintiff,<br><br>   v.<br><br>D. FOSTON, et al.,<br><br>          Defendants. | CASE NO. 1:12-cv–00026-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT<br><br>(ECF No. 13) |

Plaintiff Jesus B. Castaneda is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was file on January 5, 2012. On February 16, 2012, Plaintiff filed a motion for leave to file a supplemental complaint to allege incidents for which his administrative remedies have been exhausted since he filed his complaint.

"On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence , or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The purpose of the supplemental complaint is to add claims that accrued after suit was filed. In this instance, Plaintiff is attempting to amend, not supplement his complaint, and Plaintiff's motion shall be construed as a motion to amend his complaint..

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). In this case, a responsive

pleading has not been served and Plaintiff has not previously amended his complaint. Therefore, Plaintiff may file an amended complaint without leave of the Court.

Plaintiff is advised that his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948-49 (2009). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (citations omitted). An amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Finally, Plaintiff may not pursue multiple, unrelated claims in this action. Pursuant to the Federal Rules of Civil Procedure, [a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff will not be permitted to proceed with a "mishmash of a complaint," George, 507 F.3d at 607, and if the complaint fails to comply with Rule 18(a), the Court will choose which claims will proceed and will dismiss out all unrelated claims.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for leave to amend be DENIED as unnecessary.

IT IS SO ORDERED.

Dated:   **April 4, 2012**           /s/ **Barbara A. McAuliffe**
                                     UNITED STATES MAGISTRATE JUDGE