# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS B. CASTANEDA, | CASE NO. 1:12-cv–00026-BAM PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| D. FOSTON, et al., | (ECF No. 1) |
| Defendants. | SIXTY DAY DEADLINE |

**I.     Screening Requirement**

Plaintiff Jesus B. Castaneda is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the Court is the complaint, filed January 5, 2012, and a motion for a temporary restraining order and preliminary injunction, filed January 30, 2012.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.      Complaint Allegations**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at Pleasant Valley State Prison ("PVSP"). This action is brought against seventeen defendants for unrelated incidents at Salinas Valley State Prison ("SVSP") and PVSP for violations of the First, Eighth and Fourteenth Amendments. Since Plaintiff's claims arising out of SVSP are not appropriately raised in this judicial district,[1] the Court shall only set forth Plaintiff's allegations regarding the incidents that occurred at PVSP.

On February 7, 2010, Plaintiff was allegedly placed in administrative segregation at PVSP after being falsely accused of assaulting staff. Defendants Quezada and Lopez inventoried and boxed all Plaintiff's property, including a prescribed medical appliance. This appliance, the

---

[1] The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). Venue is proper in this Court only for those claims which arose in the Fresno Division of the Eastern District of California. Claims based on events which occurred in Salinas must be brought in the Northern District of California. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (court may raise defective venue sua sponte).

Parastep, is a microcomputer controlled functional neuromuscular stimulation system that allows independent and unbraced standing and walking by individuals with a spinal cord injury. Plaintiff alleges that the Parastep was confiscated in retaliation for the false accusation that he assaulted staff. Defendant Duenas was Plaintiff's treating physician and was responsible for ensuring that the removal of prescribed appliances was reviewed within a day. Defendant Duenas did not review the removal of Plaintiff's Parastep until November 1, 2011. Defendant Duenas agreed that Plaintiff sustained psychological damage such that standing and walking were no longer possible.

On February 8, 2010, Plaintiff informed Defendant Mackin that the charges were false and that Defendant Burnes attacked Plaintiff and his cell mate. Plaintiff began filing grievances regarding the assault and subsequent retaliation. In retaliation for being charged with assaulting an officer, Plaintiff was subjected to physical, emotional and mental abuse, including the denial of his Parastep. Plaintiff was interviewed by Defendants Reeves and Doe and told that staff complaints would not be allowed to leave the building and they refused to return Plaintiff's Parastep. After the interview the abuse increased and Plaintiff attempted suicide on February 29, 2010.

On March 6, 2010, Plaintiff was placed in the PVSP correctional treatment center for pressure sores and made several requests for the Parastep to treating personnel that were ignored. In April 23, 2010, Plaintiff was transferred to the California Medical Facility where the treatment for pressure sores continued. On August 3, 2010, Plaintiff was transferred to SVSP and placed in the Department of Mental Health.

On June 17, 2011, Plaintiff was returned to PVSP and submitted an inmate appeal on June 22, 2011, to have the Parastep returned. Defendants Foreman and Nesbit improperly screened out Plaintiff's appeals requesting medical care and retaliated against Plaintiff by refusing to process his appeals and disposing of his appeal incorrectly. Defendants Yates and Trimble, as wardens of PVSP, were obligated to ensure that all employees followed procedure. Defendant Yates maintained an atmosphere where correctional personnel interfered with medical care prescribed by medical staff.

On several occasions between June 17, 2011, and October 5, 2011, Plaintiff informed Defendant Nelson that custody personnel were denying Plaintiff access to prescribed medical care, and Defendant Nelson failed to act or address Plaintiff's issue in any meaningful way. Around July

13, 2010, Defendant Martinez told Dr. Rowe that Plaintiff's Parastep was being withheld as retaliation for Plaintiff filing multiple appeals against staff. Defendants Nelson and Martinez retaliated against Plaintiff by denying him access to his property, having his legal work screened, and ignoring Plaintiff's safety and security concerns.

Plaintiff is seeking declaratory judgment that his rights were violated, compensatory and punitive damages, appointment of counsel, and injunctive relief.[2]

For the reasons set forth below Plaintiff has failed to state a cognizable claim for relief. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order. In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to his claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

**III.    Discussion**

**A.    First Amendment Retaliation**

A plaintiff may state a claim for a violation of his First Amendment rights due to retaliation under section 1983. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). A viable claim of retaliation in violation of the First Amendment consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonable advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994). The plaintiff does not need to show actual inhibited or suppressed speech, but that there was a chilling effect upon his speech. Rhodes, 408 F.3d at 569. The burden is on the plaintiff to plead and prove the absence of any legitimate correctional goals for the alleged conduct.

---

[2] By separate order, the Court shall grant Plaintiff's motion for appointment of counsel for the limited purpose of filing an amended complaint.

4

Pratt, 65 F.3d at 807. To the extent that Plaintiff alleges retaliation based upon the false allegation that he assaulted officers, this fails to allege protected conduct and his retaliation claim fails. Plaintiff has failed to allege that the actions of Defendants did not advance legitimate penological goals and, therefore, fails to state a cognizable claim.

**B.** **Eighth Amendment**

**1.** **Conditions of Confinement**

To prove a violation of the Eighth Amendment the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)).

While Plaintiff's complaint alleges that he requested from multiple defendants that his Parastep be returned to him, he fails to show that any named Defendant was aware that Plaintiff was at a substantial risk of serious harm by being deprived of the Parastep. Additionally, although Plaintiff alleges that he sustained physiological damage such that walking and standing is no longer possible, he fails to specify the cause of any such damage. While it is possible that the damage was caused by deprivation of his medical appliance, it is equally possible that this resulted from the normal progression of Plaintiff's medical condition, which he fails to identify. Plaintiff has failed to state a cognizable claim based upon the deprivation of his medical appliance.

**2.** **Medical Care**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was

5

deliberately indifferent." Jett, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer, 511 U.S. at 837, 114 S. Ct. at 1979.

Initially, although Plaintiff states that he had a medical appliance, he fails to allege facts to show that he had a serious medical need. Nor are Plaintiff allegations sufficient to show that any named defendant was aware of Plaintiff's serious medical need. While Plaintiff alleges that he complained to numerous Defendants that he was being deprived of his Parastep, he fails to set forth factual allegations to show that the named Defendants were aware that Plaintiff had a serious medical need and that he was at a substantial risk of serious injury. Jett, 439 F.3d at 1096.

Plaintiff alleges that Defendant Duena failed to review the denial of his medical appliance in violation of the Armstrong remedial plan.[3] The violation of consent decrees, settlements, or injunctions in other cases does not provide liability in this action. See Frost v. Symington, 197 F.3d 348, 353 (9th Cir. 1999); Coleman v. Wilson, 912 F.Supp. 1282, 1294 (E.D.Cal. 1995). Plaintiff may not state a claim based on the failure to comply with the Armstrong remedial plan.

### C. Fourteenth Amendment

#### 1. Deprivation of Property

While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official is actionable if a meaningful postdeprivation remedy is available for the loss. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1984). To the extent that Plaintiff alleges that his property confiscated as a retaliatory act to punish Plaintiff, this would be an unauthorized deprivation and Due Process is satisfied if there is a meaningful postdeprivation

---

[3] The Court assumes that Plaintiff is referring to Armstrong v. Wilson, No. 96-16870 (N.D. Cal.).

remedy available to Plaintiff. Hudson, 468 U.S. at 533. Plaintiff has an adequate post-deprivation remedy available under California law. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Therefore, Plaintiff has failed to state a cognizable claim.

Plaintiff alleges that he was denied his parastep without a post deprivation hearing after he was placed in administrative segregation for assaulting staff. The Due Process Clause does not "create a liberty interest in freedom from administrative segregation." Toussaint v. McCarthy, 801 F.2d 1080, 1091 (9th Cir. 1985), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). Administrative segregation is the type of confinement that should be reasonably anticipated by inmates at some point in their incarceration. Toussaint, 801 F.2d at 1091 (quoting Hewitt v. Helms, 459 U.S.460, 468 (1983)). The Ninth Circuit has concluded that prisoners have no liberty interest in remaining free from administrative segregation or solitary confinement. See May v. Baldwin, 109 F.3d 557, 565 (9th Cir.1997).

Depriving an inmate of his personal property following conviction for a rule violation would not impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996). "Property interests are created by state law." Nevada Dept. Of Corrections v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011). A property interest that has been recognized and protected by state law triggers due process protections. Board of Regents v. Roth, 408 U.S. 564, 544, 92 S. Ct. 2701, 2709 (1972) (Property interests "are created and their dimensions are defined by exiting rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits"). Once a property interest is created requiring the property to be forfeited "without appropriate procedural safeguards" would violate due process. Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003). Since the confiscation of Plaintiff's personal property was the direct result of his being placed in administrative segregation, Plaintiff fails to state a claim based upon the deprivation of his property. See Barnett, 31 F.3d at 816; Owens v. Ayers No. 3:01-cv-03720-SI (PR), 2002 WL 73226, *2 (N.D.Cal. Jan. 15, 2002) (Inmate does not have right to due process before he could be temporarily deprived of property he was not permitted to possess in administrative segregation).

### 2. False Reports

Plaintiff's allegation regarding the submission of false reports against him fails to state a cognizable claim for relief. The Due Process Clause itself does not contain any language that grants a broad right to be free from false accusations, but guarantees certain procedural protections to defend against false accusations. Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986). However, "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

### 3. Grievance Process

Plaintiff does not have a constitutionally protected right to have his appeals accepted or processed. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

### D. Linkage Requirement

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones, 297 F.3d at 934. To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 129 S. Ct. at 1949; Simmons., 609 F.3d at 1020-21; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

Plaintiff attempts to hold Defendants Yates and Trimble Duenas liable based upon their supervisory positions. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 129 S. Ct. at 1948-49; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934. Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir.

2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

### E. Declaratory Relief

In addition to money damages, Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that Defendants violated Plaintiff's rights is unnecessary, and this action shall proceed as one for money damages only.

## VI. Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within sixty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must

be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed January 5, 2012, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **sixty (60) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   May 29, 2012            /s/ Barbara A. McAuliffe
                                 UNITED STATES MAGISTRATE JUDGE