# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS B. CASTANEDA,<br><br>              Plaintiff,<br><br>       v.<br><br>D. FOSTON, et al.,<br><br>              Defendants. | ) 1:12-cv-00026-AWI-BAM (PC)<br>)<br>) FINDINGS AND RECOMMENDATIONS<br>) REGARDING DISMISSAL OF CERTAIN<br>) CLAIMS AND DEFENDANTS<br>) (ECF No. 28)<br>)<br>) THIRTY-DAY DEADLINE<br>)<br>) |

**I.      Screening Requirement and Standard**

Plaintiff Jesus B. Castaneda ("Plaintiff") is a state prisoner proceeding in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On May 29, 2012, the Court appointed counsel for Plaintiff for the limited purpose of drafting and filing an amended complaint. Plaintiff's first amended complaint, filed on November 4, 2012, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.    Plaintiff's Allegations

This action is brought against eleven named defendants and 80 Doe defendants for incidents at Pleasant Valley State Prison ("PVSP") in violation of the First, Eighth and Fourteenth Amendments.  Plaintiff alleges as follows:

On February 7, 2010, Plaintiff was placed in the Administrative Segregation Unit ("Ad-Seg") at PVSP.  The following day, Defendants Quezada and Lopez photographed, inventoried and boxed all of Plaintiff's personal property, including Plaintiff's prescribed medical appliance – PARASTEP, which is a microcomputer controlled functional neuromuscular stimulation system that enables independent, un-braced ambulation by people with a spinal cord injury.

While in Ad-Seg, Plaintiff spoke with Defendants Reeves and John Doe and requested return of the PARASTEP.  Plaintiff advised them that it was imperative the PARASTEP be provided because of the danger of aggravating his condition and developing complications, such as the loss of muscle tone and the development of pressure sores.  Defendants Reeves and Doe

refused to provide Plaintiff with the PARASTEP.  Plaintiff suffered pressure sores and subsequently was treated for them at PVSP.

On March 16, 2010, Plaintiff again explained his reasons for the PARASTEP and asked unidentified treating personnel to provide him with the PARASTEP.  PVSP staff failed to provide the apparatus and Plaintiff's condition worsened.

On April 23, 2010, Plaintiff was transferred to the California Medical Facility, where treatment for his pressure sores continued.

On August 30, 2010, Plaintiff was transferred to Salinas Valley State Prison.

On June 17, 2011, Plaintiff was returned to Pleasant Valley State Prison.

On June 22, 2011, Plaintiff submitted an appeal to recover the PARASTEP.  Plaintiff's appeal was improperly screened, delayed, screened out and untimely rejected by Defendants Foreman and A. Nesbit.

On September 14, 2011, Plaintiff informed Defendant Trimble that custody personnel were interfering with his prescribed medical care by failing to provide Plaintiff with the PARASTEP.  Plaintiff described the need for the device and the damage that prolonged deprivation could cause.  Defendant Trimble refused to act or address Plaintiff's issues in any meaningful way.

On several occasions between June 7, 2011 and October 5, 2011, Plaintiff informed Lieutenant Nelson, a non-party, that custody personnel were denying Plaintiff's access to prescribed medical care.  Lieutenant Nelson refused to address Plaintiff's issues in any meaningful way.

On July 31, 2011, Plaintiff was seen by Dr. Rowe in the D-4 Satellite clinic.  Dr. Rowe was presented with documentation regarding the PARASTEP.  Dr. Rowe spoke with Defendant Martinez about the reason that the PARASTEP was being denied.  Defendant Martinez responded that the reason for the denial was Plaintiff's filing of multiple appeals against the staff and that the PARASTEP would continue to be denied until all the appeals were resolved or dismissed.

Defendant Duenas failed to review Plaintiff's medical file and the denial of the PARASTEP until November 1, 2011.  By not reviewing the file, Defendant Duenas exhibited deliberate indifference to Plaintiff's claims.  Defendant Duenas admitted that the physiological damage sustained by Plaintiff was such that standing and walking was no longer possible.

Plaintiff alleges that as a result of the deprivation of the PARASTEP he has suffered circulation problems, spasms in the extremities, muscle atrophy, osteoporosis, contractures and fractures.  He has not been able to stand and will never regain that ability.  He is a quadriplegic and had been able to move with the assistance of the PARASTEP and a wheelchair.  Once the PARASTEP was removed, the muscles and bones degenerated to a level where walking and standing was not possible.  He also has suffered emotional and psychological injuries.

Plaintiff asserts causes of action for violations of the Eighth and Fourteenth Amendments to the United States Constitution.  He seeks compensatory and punitive damages.

**III.**   **Discussion**

**A. Supervisory Liability**

Plaintiff attempts to hold Defendants Yates, Foston, Hammond and Supervisory Custodial Does 41-60 liable based upon their supervisory positions.  Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff has not alleged that these defendants participated in or directed the violations or knew of the violations involving Plaintiff and failed to prevent them.  Accordingly, the Court

recommends that Defendants Yates, Foston, Hammond and Supervisory Custodial Does 41-60 be dismissed from this action.

### B.  Review of Grievances

Plaintiff complains that Defendants Foreman and Nesbit improperly screened, delayed and rejected his appeals requesting the PARASTEP.  Plaintiff does not have a constitutionally protected right to have his appeals accepted or processed.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983.  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).  Accordingly, Plaintiff has not stated a cognizable claim against Defendants Foreman and Nesbit arising out of their screening of Plaintiff's administrative appeals.

### C.  Doe Defendants

Plaintiff has identified several doe defendants, including Defendant John Doe. Unidentified, or "John Doe," defendants must be named or otherwise identified before service can go forward. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980).  Plaintiff is advised that John Doe or Jane Doe defendants cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe.

### D.  Linkage Requirement

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 677, 129 S.Ct. at 1949; Simmons, 609 F.3d at 1020-21.

Plaintiff has identified Custody Defendant Does 1-20, Medical Defendant Does 21-40 and Defendants Foston and Hammond.  However, Plaintiff fails to link these defendants to any alleged violation of his rights.

### E.  Eighth Amendment – Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond.  Simmons, 609 F.3d at 1018.  "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference.  Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994).

Defendants Quezada and Lopez

Plaintiff fails to set forth factual allegations to show that Defendants Quezada or Lopez were aware that Plaintiff had a serious medical need and that he was at a substantial risk of serious injury when they inventoried and boxed up his PARASTEP.  Jett, 439 F.3d at 1096.  The Court therefore finds that Plaintiff has failed to state a cognizable Eighth Amendment claim for deliberate indifference against them.

Defendants Reeves, John Doe, Warden Trimble and Martinez

Based upon the amended complaint, the Court finds that Plaintiff has stated a cognizable Eighth Amendment claim for deliberate indifference against Defendants Reeves, John Doe and Warden Trimble.  Plaintiff also has stated a cognizable Eighth Amendment claim for deliberate

indifference against Defendant Martinez arising out of removal of the PARASTEP from Plaintiff and the failure to return it.

Defendant Duenas

Plaintiff seeks to impose liability against Defendant Duenas for failure to review Plaintiff's medical file and authorize the return of the PARASTEP.  Plaintiff fails to set forth factual allegations that Defendant Duenas was aware that Plaintiff had a serious medical need for the device and that he was at a substantial risk of serious injury.  Jett, 439 F.3d at 1096. Accordingly, the Court finds that Plaintiff has failed to state a cognizable Eighth Amendment claim against Defendant Duenas.

Lt. Nelson

Plaintiff includes allegations in his Eighth Amendment claim involving an individual identified as Lt. Nelson.  However, Plaintiff has not identified Lt. Nelson as a defendant in this action.

**F.  Fourteenth Amendment**

1.  Denial of Due Process – Deprivation of Property

While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official is actionable if a meaningful postdeprivation remedy is available for the loss. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1984).  To the extent that Plaintiff alleges that his property confiscated as a retaliatory act to punish Plaintiff, this would be an unauthorized deprivation and Due Process is satisfied if there is a meaningful post-deprivation remedy available to Plaintiff.  Hudson, 468 U.S. at 533.  Plaintiff has an adequate post-deprivation remedy available under California law.  Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).  Therefore, Plaintiff has failed to state a cognizable claim.

Plaintiff alleges that he was denied his PARASTEP without a post deprivation hearing after he was placed in administrative segregation.  As the confiscation of Plaintiff's personal property allegedly was the direct result of his being placed in administrative segregation,

Plaintiff fails to state a claim based upon the deprivation of his property.  See Barnett, 31 F.3d at 816; Owens v. Ayers, 2002 WL 73226, *2 (N.D. Cal. Jan. 15, 2002) (inmate does not have right to due process before he could be temporarily deprived of property he was not permitted to possess in administrative segregation).

Plaintiff also alleges that Defendant Duenas violated Due Process because he failed to review the denial of Plaintiff's medical appliance in violation of the Armstrong remedial plan. To the extent Plaintiff wishes to seek relief pursuant to the Armstrong remedial plan, he "must pursue his requests via the consent decree or through class counsel." Crayton v. Terhune, 2002 WL 31093590, *4 (N.D.Cal. Sept.17, 2002).  "[R]emedial orders ... do not create 'rights, privileges or immunities secured by the Constitution and the laws' of the United States." Hart v. Cambra, 1997 WL 564059, *5 (N.D.Cal. Aug.22, 1997) (quoting Green v. McKaskle, 788 F.2d 1116, 1123-24 (5th Cir.1986).  Plaintiff may not state a section 1983 claim against Defendant Duenas based on the failure to comply with the Armstrong remedial plan.

2.   Retaliation

Although Plaintiff has identified his claim for retaliation as one arising under the Fourteenth Amendment, Plaintiff has stated a claim for retaliation in violation of the First Amendment.  Within the prison context, a viable claim of First Amendment retaliation consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett, 31 F.3d at 816.  The plaintiff does not need to show actual inhibited or suppressed speech, but that there was a chilling effect upon his speech. Rhodes, 408 F.3d at 569.  The burden is on the

plaintiff to plead and prove the absence of any legitimate correctional goals for the alleged conduct.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

Plaintiff claims that he was denied access to his PARASTEP by Defendants Quezada, Lopez and Martinez in retaliation for filing grievances against staff and for being charged with a staff assault.  Plaintiff has stated a cognizable claim for retaliation in violation of the First Amendment against Defendants Quezada, Lopez and Martinez.

IV.    **Conclusion and Recommendations**

The Court finds that Plaintiff's complaint states a cognizable Eighth Amendment claim for deliberate indifference against Defendants Reeves, John Doe, Trimble and Martinez, and a cognizable First Amendment retaliation claim against Defendants Quezada, Lopez and Martinez. However, the Court finds that Plaintiff fails to state a cognizable claim against Defendants Yates, Foston, Hammond, Foreman, Nesbit, Duenas, Custody Defendant Does 1-20, Medical Defendant Does 21-40, and Supervisory Custody Does 41-60, and that Plaintiff fails to state a cognizable Fourteenth Amendment Due Process claim.

As Plaintiff was provided with the relevant legal standards and was given an opportunity to file an amended complaint through limited-purpose legal counsel, the Court does not recommend granting further leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.  This action proceed on Plaintiff's first amended complaint, filed on November 4, 2012, against Defendants Reeves, John Doe, Trimble and Martinez for deliberate indifference in violation of the Eighth Amendment; and against Defendants Quezada, Lopez and Martinez for retaliation in violation of the Eighth Amendment;

2.  Defendants Yates, Foston, Hammond, Foreman, Nesbit, Duenas, Custody Defendant Does 1-20, Medical Defendant Does 21-40, and Supervisory Custody Does 41-60 be DISMISSED from this action based on Plaintiff's failure to state a cognizable claim against them; and

3.  Plaintiff's Fourteenth Amendment due process claim be DISMISSED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, the plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __September 6, 2013__          ___/s/ Barbara A. McAuliffe___
                                        UNITED STATES MAGISTRATE JUDGE