1

2

3

4

5

# UNITED STATES DISTRICT COURT

6

7
EASTERN DISTRICT OF CALIFORNIA

8

9 | JESUS B. CASTANEDA,

10 |         Plaintiff,

11 |    v.

12 | D. FOSTON, et al.,

13 |         Defendants.

14

15

16

)   1:12-cv-00026-AWI-BAM (PC)
)
)   ORDER GRANTING PLAINTIFF'S
)   MOTIONS FOR LEAVE TO FILE AN
)   AMENDED COMPLAINT
)   (ECF Nos. 41, 42, 50)
)
)   ORDER DENYING PLAINTIFF'S SECOND
)   MOTION TO FILE OBJECTIONS TO
)   MAGISTRATE JUDGE'S FINDINGS AND
)   RECOMMENDATIONS AS MOOT
)   (ECF No. 52)
)

17    **I.      Introduction**

18        Plaintiff Jesus B. Castaneda ("Plaintiff") is a state prisoner proceeding in forma pauperis

19 in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first

20 amended complaint against Defendants Reeves, John Doe, Trimble and Martinez for deliberate

21 indifference in violation of the Eighth Amendment and against Defendants Quezada, Lopez and

22 Martinez for retaliation in violation of the First Amendment.

23        Currently pending before the Court are the following motions: (1) Plaintiff's motion to

24 file a supplemental complaint without the assistance of counsel (ECF No. 41); (2) Plaintiff's

25 motion for leave to file an amended complaint (ECF No. 50); and (3) Plaintiff's request to file

26 objections to Magistrate Judge's Findings and Recommendations (ECF No. 52).   Defendants

27 opposed Plaintiff's motion for leave to file an amended complaint on March 24, 2014.  (ECF No.

28

54.)  No other oppositions or replies were timely filed and the motions are deemed submitted. Local Rule 230(l).

## II.     Procedural Background

With the assistance of limited-appointment counsel, Plaintiff filed a first amended complaint on November 4, 2012.  (ECF No. 28.)  On September 6, 2013, the Court screened the first amended complaint pursuant to 28 U.S.C. § 1915A, and found that it stated a cognizable claim against Defendants Reeves, John Doe, Trimble and Martinez for deliberate indifference in violation of the Eighth Amendment and against Defendants Quezada, Lopez and Martinez for retaliation in violation of the First Amendment.  The Court issued findings and recommendations that all other claims and defendants be dismissed.  (ECF No. 29.)  On September 30, 2013, the Court also directed Plaintiff to submit service documents and USM-285 forms to initiate service for Defendants Reeves, Trimble, Martinez, Lopez and Quezada within thirty days.  (ECF No. 30.)

Both the findings and recommendations and the order to submit service documents were served on Plaintiff's limited-appointment counsel.  (ECF No. 29, 30, 31.)  However, by operation of a prior court order, counsel's appointment was terminated upon the filing of the first amended complaint.  On October 23, 2013, the Court issued an order confirming termination of counsel and substituting Plaintiff in pro per.  The Court also directed former counsel to provide Plaintiff's last known address and a statement notifying the Court if counsel sent Plaintiff the September 6, 2013 findings and recommendations and the September 9, 2013 order directing submission of service documents.  (ECF No. 32.)

On October 28, 2013, Plaintiff's former counsel submitted notice of Plaintiff's last known address and indicated that Plaintiff would be advised of the Court's findings and orders by letter that same day.  (ECF No. 33.)

On November 18, 2013, Plaintiff filed a motion for an extension of time to submit service documents in compliance with the Court's September 9, 2013 order.  Plaintiff acknowledged receipt of the Court's findings and recommendations on November 1, 2013.  (ECF No. 34, p. 4.) Although Plaintiff requested additional time to comply with the Court's September 9, 2013 order

1    regarding submission of service documents, he did not request an extension of time to file

2    objections to the findings and recommendations.  (ECF No. 34, pp. 5-6.)

3         On November 20, 2013, the Court granted Plaintiff's request for an extension of time to

4    submit service documents. (ECF No. 35.)  Plaintiff submitted the relevant service documents on

5    December 19, 2013.  (ECF No. 37.)  On December 20, 2013, the Court directed the United States

6    Marshal to serve the amended complaint on Defendants Lopez, Martinez, Quezada, Reeves, and

7    R. H. Trimble.  (ECF No. 38.)

8         On January 3, 2013, the District Court adopted the findings and recommendations issued

9    on September 6, 2013, regarding dismissal of certain claims and defendants.  The Court's order

10   expressly noted that no objections had been filed.  (ECF No. 39.)

11        On January 15, 2013, Plaintiff filed a motion requesting the opportunity to provide

12   objections to the findings and recommendations.  Plaintiff reported that he was unsure if former

13   counsel filed any objections, but he believed that they should have been filed.  Plaintiff claimed

14   that he was unable to submit the request earlier because he was fulfilling the Court's order

15   regarding service documents.  (ECF No. 40.)

16        Additionally, on January 15, 2013, Plaintiff filed a motion for leave to file a supplemental

17   complaint without the assistance of counsel to add an exhausted claim regarding destruction of

18   his Parastep walker.  Defendant also filed a notice identifying Defendant John Doe as Lieutenant

19   J. Brown.  (ECF Nos. 41, 41.)

20        On February 10, 2014, the Court denied Plaintiff's request to file untimely objections to

21   the Findings and Recommendations because he had not demonstrated good cause for an

22   extension of time.  The Court found that Plaintiff had failed to explain why he did not request

23   additional time to submit objections when he requested additional time to submit service

24   documents in November 2013.  Additionally, the Court found that Plaintiff had failed to explain

25   the delay in requesting an extension of time to submit objections after he submitted service

26   documents in December 2013.  (ECF No. 44.)

27        On March 20, 2014, Plaintiff filed a motion for leave to amend his complaint to name the

28   John Doe defendant and to add an exhausted claim regarding his Parastep walker.  (ECF No. 50.)

1    On March 20, 2014, Plaintiff also filed a motion requesting an extension of time pursuant

2  to Federal Rule of Civil Procedure 6 to file his objections to the findings and recommendations.

3  Plaintiff also filed his objections.  (ECF Nos. 51, 52.)

4    On March 24, 2014, Defendants Lopez, Martinez, Quezada, Reeves and Trimble filed a

5  motion requesting an extension of time to file a responsive pleading.  (ECF No. 53.)  Defendants

6  also filed an opposition to Plaintiff's motion for leave to amend his complaint.  (ECF No. 54.)

7  **III.    Motions for Leave to Amend**

8    Plaintiff seeks leave to amend to identify the John Doe defendant and to add an exhausted

9  claim regarding his Parastep walker.  Defendants oppose the motion arguing that (1) Plaintiff

10  may substitute the John Doe defendant without an amended complaint, (2) Plaintiff does not

11  describe the claims he seeks to add other than referencing the destruction of his Parastep walker,

12  and (3) the Court's previous screening order determined that Plaintiff only stated plausible

13  claims for deliberate indifference and retaliation and that further leave to amend would not be

14  recommended.

15    Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its pleading

16  once as a matter of course at any time before a responsive pleading is served.  Otherwise, a party

17  may amend only with the opposing party's written consent or with the court's leave, and leave

18  shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  "Rule 15(a) is very liberal

19  and leave to amend shall be freely given when justice so requires."  AmerisourceBergen Corp. v.

20  Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted).

21  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the

22  opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is

23  futile."  Id.

24    Plaintiff requests leave to amend his complaint to identify the John Doe defendant in this

25  action.  Plaintiff also requests leave to amend to add a claim regarding the destruction of his

26  Parastep walker.  The Court has considered the proposed amendments and finds that leave to

27  amend should be granted.  In considering the relevant factors, the Court finds no evidence of

28

1   prejudice, bad faith, undue delay in ligation or futility.  Defendants have not answered the first

2   amended complaint and discovery has not opened in this matter.

3         Additionally, the Court grants Plaintiff leave to amend to address the pleading

4   deficiencies identified by the Court in the Findings and Recommendations issued on September

5   6, 2013.  Although the Court makes no determination regarding the merits of Plaintiff's proposed

6   objections to the Findings and Recommendations, allowing Plaintiff an opportunity to address

7   the pleading deficiencies identified by the Court will obviate the need for any such objections.

8   Defendants will not be prejudiced by this amendment because the Court will screen any amended

9   complaint filed by Plaintiff.  Furthermore, as the order adopting the Findings and

10  Recommendations did not state otherwise, the dismissal of certain claims and defendants was

11  without prejudice.

**IV.    Motion for Extension of Time to File Objections to Findings and**

**Recommendations**

14        Plaintiff seeks an extension of the deadline to file his objections to the Magistrate Judge's

15  Findings and Recommendations pursuant to Federal Rule of Civil Procedure 6(b)(1)(B).  The

16  Findings and Recommendations, which were adopted by the District Court, recommended

17  dismissal of certain claims and defendants.  As stated above, the Court has granted Plaintiff leave

18  to amend his claims, which includes leave to amend regarding the previously dismissed claims

19  and defendants.  Accordingly, Plaintiff's request to file objections to the Findings and

20  Recommendations is now moot and shall be denied.

**V.    Conclusion and Order**

22        As discussed, Plaintiff shall be granted leave to file a second amended complaint, within

23  thirty days, in order to identify the John Doe defendant, to add a claim regarding the destruction

24  of his Parastep walker and to address the deficiencies identified in the September 6, 2013

25  Findings and Recommendations.  Plaintiff should amend only those claims that he believes, in

26  good faith, are cognizable

27         Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

28  the named defendant did that led to the deprivation of Plaintiff's constitutional rights, Ashcroft v.

Iqbal, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1948-49 (2009).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

Plaintiff should note that although he has been granted leave to amend, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).   Plaintiff has been granted leave to amend the complaint for the sole purpose of identifying the John Doe defendant, adding a claim regarding the destruction of his Parastep walker and addressing the deficiencies identified by the Court in the September 6, 2013 Findings and Recommendations.  As a result, Plaintiff's amended complaint should not exceed twenty-five (25) pages.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Therefore, Plaintiff's second amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED as follows:

1. Plaintiff's motions to amend the complaint are GRANTED;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a Second Amended Complaint as discussed in this order;

4. Plaintiff shall clearly identify the amended complaint as "Second Amended Complaint" and refer to the case number;

5. Plaintiff may not add any new allegations or claims to this action other than those expressly permitted by the Court;

6. Plaintiff's motion to file objections to the Magistrate Judge's Findings and Recommendations is DENIED as moot; and

///

///

///

7. <u>If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order</u>.

IT IS SO ORDERED.

    Dated:   **April 17, 2014**            /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE