# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS B. CASTANEDA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>D. FOSTON, et al.,<br><br>　　　　Defendants. | 1:12-cv-00026-AWI-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO FILE SECOND AMENDED COMPLAINT LODGED ON MAY 19, 2014<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br>(ECF No. 57)<br><br>FOURTEEN-DAY DEADLINE |

**I.      Screening Requirement and Standard**

　　Plaintiff Jesus B. Castaneda ("Plaintiff") is a state prisoner proceeding in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On April 17, 2014, the Court granted Plaintiff's request for leave to file a second amended complaint. On May 19, 2014, Plaintiff's second amended complaint was lodged with the Court. Consistent with the Court's order of April 17, 2014, the Clerk of the Court is DIRECTED to file the second amended complaint. In the interests of judicial economy, the Court now screens the second amended complaint.

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

1

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.    Plaintiff's Allegations**

Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California. The events in the second amended complaint allegedly occurred while Plaintiff was housed at Pleasant Valley State Prison. Plaintiff names fourteen separate defendants.

Plaintiff alleges as follows: On February 7, 2010, Plaintiff and his cellmate were assaulted by Correctional Officer Burns. Responding staff also joined in the assault. Thereafter, Plaintiff was placed in the Administrative Segregation Unit ("Ad-Seg") and his cellmate was airlifted to the Fresno Regional Medical Center. The following day, Defendants Quezada and Lopez photographed, inventoried and boxed all of Plaintiff's personal property, including Plaintiff's PARASTEP I system, which is a microcomputer controlled functional neuromuscular

stimulation system that enables independent, un-braced ambulation by people with a spinal cord injury.

On February 23, 2010, Plaintiff was interviewed by Defendants Reeves and J. Brown. During the interview, Plaintiff requested return of the PARASTEP. Plaintiff advised them of the physiological damage that would occur if he was denied access to the PARASTEP. Defendants Reeves and J. Brown refused to provide Plaintiff with the PARASTEP. Plaintiff suffered pressure sores and muscle atrophy. Plaintiff made multiple requests to medical personnel, but was told that custody personnel had taken steps to ensure that he was denied access.

On August 30, 2010, Plaintiff was transferred to Salinas Valley State Prison. On September 26, 2010, he submitted an appeal regarding denial of the PARASTEP, which was denied at all levels.

On June 21, 2011, Plaintiff was transferred back to Pleasant Valley State Prison. On June 22, 2011, Plaintiff submitted appeals to recover the PARASTEP. Plaintiff's appeal was improperly screened, delayed, screened out and not responded to by Defendants Foreman and A. Nesbit.

On August 4, 2011, Defendant Duenas, a licensed physician, was aware that custody was interfering with Plaintiff's prescribed medical treatment—the PARASTEP—for over 17 months, that this denial endangered Plaintiff's life, that he was still in need of the treatment and that prison officials were refusing to provide it.

On July 19, 2011, Plaintiff saw Dr. Rowe in the satellite clinic. Plaintiff showed Dr. Rowe documentation regarding the PARASTEP and Dr. Rowe accessed Plaintiff's medical records. Dr. Rowe noted that the PARASTEP was currently a prescribed course of treatment and that Plaintiff had medical authorization to possess and use the PARASTEP. Dr. Rowe called Defendant Martinez to the clinic and asked why Plaintiff was being denied access to the PARASTEP. After consulting with Defendant Nelson, Defendant Martinez told Dr. Rowe that Plaintiff was being denied access to the PARASTEP by custody because he had filed multiple appeals against staff. Dr. Rowe informed Defendant Martinez of the physiological damage that would result from interference with treatment. Defendant Martinez informed Dr. Rowe and

1   Plaintiff that Plaintiff would continue to be denied access until his appeals were resolved or
2   withdrawn.
3         On September 14, 2011, Plaintiff informed Defendant Trimble that custody personnel
4   were interfering with his prescribed medical care.  Plaintiff described the need for the device and
5   the damage that prolonged deprivation could cause.  Defendant Trimble had Defendant Nelson
6   interview Plaintiff.  Plaintiff informed Defendant Nelson that custody personnel were denying
7   Plaintiff's access to prescribed medical care.  Defendant Nelson consulted with Defendant
8   Trimble and informed Plaintiff that the denial would continue.
9         On November 2, 2011, Plaintiff was diagnosed with severe contractures (a shortening of
10  the tendons and ligaments).  On November 28, 2011, Plaintiff was diagnosed with severe
11  osteoporosis.  Plaintiff attributes the contractures and osteoporosis to the denial of the
12  PARASTEP.
13        On December 10, 2011, Plaintiff was allowed to inspect the walker portion of the
14  PARASTEP—the parawalker—which is a special electronically adapted walker that allows the
15  user to stand and walk.  It connects to the PARASTEP stimulator via a cable and contains hand
16  controlled switch modules that allow the user access to the software.  The parawalker allows the
17  user to control the intensity of the stimulation and activate all functions.  The parawalker was
18  severely damage and useless.
19        On December 21, 2011, Plaintiff was escorted to a conference room by Defendant
20  Mendez.  The conference room was occupied by Defendants Webster, Nelson, Stone and an
21  unidentified ISU officer.  Defendant Stone informed Plaintiff that as a result of the appeals he
22  had submitted requesting the PARASTEP they were no longer going to store the walker.
23  Plaintiff informed them that he wanted the walker repaired before any decision on its disposition.
24  Plaintiff further explained that he wanted the walker held pending treatment for osteoporosis and
25  a consultation with Plaintiff's personal physician.  Defendants Nelson, Webster and Stone told
26  Plaintiff that the walker would not be repaired and that the appeals/pain management committee
27  had asked them to get rid of the walker.  When Plaintiff refused to change his response,
28  Defendant Webster looked at the escorting officer and asked him, "Did you hear him say for us

4

to dispose of it?" Defendant Mendez responded, "Yes, I heard him say for us to dispose of it." Defendant Stone informed Plaintiff that he should remember this the next time he thought about filing appeals against staff.

On December 22, 2011, Plaintiff submitted an appeal regarding the damage to the walker and the misconduct of Defendants Nelson, Webster, Mendez and two John Does. After several weeks of not receiving a response, Plaintiff submitted an inquiry regarding his appeal. The appeals coordinators refused to process the appeal or provide instructions.

On February 13, 2012, Plaintiff received a response to a separate health care appeal. Attached to the appeal were memoranda authored by Defendants Webster and Mendez indicating that they had filed false reports that Plaintiff had asked for the walker to be destroyed.

Plaintiff again submitted an appeal regarding the memoranda. The appeal was cancelled as untimely. Plaintiff appealed the cancellation. On April 20, 2012, Defendant Guillen interviewed Plaintiff regarding his appeal. Defendants Foreman and Guillen responded to the appeal and had removed the original proof of service. Plaintiff's appeal was denied at all levels. Plaintiff claims that the cancellation denied him access to the courts. He seeks compensatory and punitive damages.

### III. Discussion

#### A. Review of Grievances

Plaintiff complains that Defendants Foreman and Nesbit improperly screened, delayed and rejected his appeals requesting the PARASTEP. Plaintiff also complains that Defendants Guillen and Foreman improperly responded to one of his appeals. Plaintiff does not have a constitutionally protected right to have his appeals accepted or processed. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). Accordingly, Plaintiff has not stated a cognizable claim against Defendants Foreman, Nesbit and Guillen arising out of their screening of Plaintiff's administrative appeals.

**B. Eighth Amendment – Deliberate Indifference**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons, 609 F.3d at 1018. "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994).

<u>Defendants Quezada and Lopez</u>

Plaintiff fails to set forth factual allegations to show that Defendants Quezada or Lopez were aware that Plaintiff had a serious medical need and that he was at a substantial risk of serious injury when they inventoried and boxed up his PARASTEP. Jett, 439 F.3d at 1096. The Court therefore finds that Plaintiff has failed to state a cognizable Eighth Amendment claim for deliberate indifference against them.

<u>Defendants Reeves, Brown, Warden Trimble, Martinez and Nelson</u>

Based upon the amended complaint, the Court finds that Plaintiff has stated a cognizable Eighth Amendment claim for deliberate indifference against Defendants Reeves, Brown, Warden Trimble, Martinez and Nelson.

<u>Defendant Duenas</u>

Plaintiff seeks to impose liability against Defendant Duenas based on conclusory assertions. Plaintiff fails to set forth factual allegations that Defendant Duenas was aware that Plaintiff had a serious medical need for the device and that he was at a substantial risk of serious

injury. Jett, 439 F.3d at 1096. Accordingly, the Court finds that Plaintiff has failed to state a cognizable Eighth Amendment claim against Defendant Duenas.

### C. Fourteenth Amendment

#### 1. Denial of Due Process – Deprivation of Property

While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official is actionable if a meaningful postdeprivation remedy is available for the loss. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1984). To the extent that Plaintiff alleges that his property was confiscated and the parawalker destroyed as retaliatory acts to punish Plaintiff, these would be unauthorized deprivations and Due Process is satisfied if there is a meaningful post-deprivation remedy available to Plaintiff. Hudson, 468 U.S. at 533. Plaintiff has an adequate post-deprivation remedy available under California law. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Therefore, Plaintiff has failed to state a cognizable claim against Defendants Mendez, Webster, Nelson and Stone for destruction of the parawalker and has failed to assert a cognizable due process claim based on the confiscation of his property.

#### 2. Retaliation

Plaintiff has stated a claim for retaliation in violation of the First Amendment. Within the prison context, a viable claim of First Amendment retaliation consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett, 31 F.3d at 816. The plaintiff does not need to show actual inhibited or suppressed speech, but that

there was a chilling effect upon his speech. Rhodes, 408 F.3d at 569. The burden is on the plaintiff to plead and prove the absence of any legitimate correctional goals for the alleged conduct. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

Plaintiff claims that he was denied access to his PARASTEP by Defendants Quezada, Lopez, Nelson and Martinez in retaliation for filing appeals. Plaintiff has stated a cognizable claim for retaliation in violation of the First Amendment against Defendants Quezada, Lopez, Nelson and Martinez. Plaintiff also claims that his parawalker was ordered destroyed due to his filing of appeals. Plaintiff has stated a cognizable claim for retaliation in violation of the First Amendment against Defendant Mendez, Webster, Nelson and Stone.

### IV. Conclusion and Recommendations

The Court finds that Plaintiff's complaint states a cognizable Eighth Amendment claim for deliberate indifference against Defendants Reeves, Brown, Warden Trimble, Martinez and Nelson, and a cognizable First Amendment retaliation claim against Defendants Quezada, Lopez, Nelson, Martinez, Mendez, Webster and Stone. However, the Court finds that Plaintiff fails to state a cognizable claim against Defendants Foreman, Nesbit, Duenas, and Guillen and that Plaintiff fails to state a cognizable Fourteenth Amendment Due Process claim.

As Plaintiff was provided with the relevant legal standards and was given an opportunity to file an amended complaint through limited-purpose legal counsel and a subsequent opportunity to amend his complaint without the assistance of counsel, the Court does not recommend granting further leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's second amended complaint, filed on May 19, 2014, against Defendants Reeves, Brown, Warden Trimble, Martinez and Nelson for deliberate indifference in violation of the Eighth Amendment, and Defendants Quezada, Lopez, Nelson, Martinez, Mendez, Webster and Stone for retaliation in violation of the First Amendment;

2. Defendants Foreman, Nesbit, Duenas, and Guillen be DISMISSED from this action based on Plaintiff's failure to state a cognizable claim against them; and

3. Plaintiff's Fourteenth Amendment due process claim be DISMISSED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, the plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 13, 2014**                    /s/ Barbara A. McAuliffe
                                              UNITED STATES MAGISTRATE JUDGE